1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

7

8   KINSALE INSURANCE COMPANY, a
    foreign insurer.
9                                                    No. 3:23-cv-5029

                          Plaintiff,
10                                                   **COMPLAINT FOR DECLARATORY**
    v.                                               **RELIEF**
11
    EVOLUTION SIDE, LLC, a Washington
12  limited liability company and construction
    contractor; and LAER ENTERPRISES INC., a
13  Washington corporation and construction
    contractor, KENTON SCHUMACHER, a
14  Washington resident; MADALYN HORN, a
    Washington resident; JENNIFER LALLY, a
15  Washington resident; BRANDON &
    MICHELLE CONNOR, Washington residents;
16  MIKE NETTEKOVEN, a Washington resident;
    NOAH MANN, a Washington resident;
17  STACEY MCGEATH, a Washington resident;
    JENNIFER ELLSWORTH-BOESL, a
18  Washington resident; STORM WENDT, a
    Washington resident; DAVID BALDWIN, a
19  Washington resident; TROY RUNNER, a
    Washington resident; TRAVIS REANO, a
20  Washington resident; DEREK TULLUCK, a
    Washington resident; RHONDA AND JEFF
21  SAWYER, Washington residents; JENNIFER
    BROADBENT, a Washington resident; ALI
22  JONES & JULIO VALDEZ, Washington
    residents; JOHN KENNEDY, a Washington
23

COMPLAINT FOR DECLARATORY RELIEF – 1

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

resident; ALEX CORRAL AND KELSIE
TROTINGNON, a Washington resident;
RICKY & MADISON HALL, Washington
residents; LARRY PAGUE, a Washington
resident; JULIE ACHESON, a Washington
resident; STEPHEN HANNAN, a Washington
resident; ANNIE NAHON, a Washington
resident; TEMASWATI JOHNSTON, a
Washington resident; AMIR MOUSA VI, a
Washington resident; TYLER GOLD, a
Washington resident; NOEL TEVES, a
Washington resident; TERESA RODMAN, a
Washington resident; IVAN NGAUAMO, a
Washington resident; ANDREW & DIANE
MORTAGNE, Washington residents; BRIAN
HELLESTO, a Washington resident;
VERNON BRANCO, a Washington resident;
JOSHUA & JOHANNA SUMMERS,
Washington residents; RON BOCCA, a
Washington resident; KELLY ROBINSON, a
Washington resident; KEN CUNNINGHAM, a
Washington resident; PATRICK BROOKE, a
Washington resident; NATE MOWRY, a
Washington resident; TREVOR ANDERSON,
a Washington resident; DEBRA SILVER, a
Washington resident; TODD GRIFFEN, a
Washington resident; GARY MAGREEHAN, a
Washington resident; KRISTEN & ALEX
HALL, Washington residents; CALEB
HARRIS, a Washington resident; KIERAN
HUNT, a Washington resident; LINDSEY
CALDERWOOD, a Washington resident;
CATHY KOMBOL, a Washington resident;
REBEKAH ENGEBO, a Washington resident;
GABRIELLA MANCILLA, a Washington
resident; BRIAN AND ANISSA REGO,
Washington residents; KATIE MIKESELL, a
Washington resident; TROY SALISBURY &
JESSICA MATIAS, Washington residents;
GREG & TIFFANY HOPKINS, Washington
residents; RENE LOPEZ RIVERA, a
Washington resident; ETHAN
SCHIERENBECK, a Washington resident;
JUDY PRENOVOST, a Washington resident;

COMPLAINT FOR DECLARATORY RELIEF – 2

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

ALYSSA MERCER, a Washington resident;
SETH & CASSIE POHLMAN, Washington
residents; TANYA EVANS, a Washington
resident; ADAM POHLMAN, a Washington
resident; ARDEN BARDEN, a Washington
resident; IRIS PALLER-MILNE, a Washington
resident; JEFF & KATHERINE POTASKY,
Washington residents; RYAN HILDEBRAND,
a Washington resident; MIKE & SANDY
O'HARA, Washington residents;

Defendants.

Plaintiff Kinsale Insurance Company (Kinsale) submits the following Complaint for Declaratory Relief.

## I.     INTRODUCTION

1.1     This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Kinsale seeks a determination that it does not owe a duty to defend or indemnify Evolution Side, LLC (Evolution Side) under the policy of insurance issued by Kinsale with respect to the claims brought by Laer Enterprises Inc., (Laer) in *Laer Enterprises, Inc. v. General Enterprise, Inc., et al.,* King County Superior Court Cause No. 21-2-10435-1 SEA. (the "Underlying Lawsuit").

## II.     PARTIES

2.1     Plaintiff Kinsale is a foreign eligible surplus lines insurer organized under the laws of the State of Arkansas with its principal place of business in the State of Virginia.

2.2     Upon information and belief, Defendant Evolution Side is a Washington State limited liability corporation, and all members of Defendant Evolution Side are residents and citizens of the State of Washington.

COMPLAINT FOR DECLARATORY RELIEF – 3

2.3     Upon information and belief, Defendant Laer is a Washington State corporation incorporated under the laws of the State of Washington with its principal place of business in SeaTac, Washington.

2.4     Upon information and belief, Defendant Kenton Schumacher is the owner of a home in the Suntop Farms community located at 420 Becky Ave E Enumclaw, WA 98022.

2.5     Upon information and belief, Defendant Madalyn Horn is the owner of a home in the Suntop Farms community located at 425 Becky Ave E Enumclaw, WA 98022.

2.6     Upon information and belief, Defendant Jennifer Lally is the owner of a home in the Suntop Farms community located at 444 Becky Ave E Enumclaw, WA 98022.

2.7     Upon information and belief, Defendants Brandon & Michelle Connor is the owner of a home in the Suntop Farms community located at 453 Becky Ave E Enumclaw, WA 98022.

2.8     Upon information and belief, Defendant Mike Nettekoven is the owner of a home in the Suntop Farms community located at 461 Becky Ave E Enumclaw, WA 98022.

2.9     Upon information and belief, Defendant Noah Mann is the owner of a home in the Suntop Farms community located at 466 Becky Ave E Enumclaw, WA 98022.

2.10    Upon information and belief, Defendant Stacey McGeath is the owner of a home in the Suntop Farms community located at 517 Becky Ave E Enumclaw, WA 98022.

2.11    Upon information and belief, Defendant Jennifer Ellsworth-Boesl is the owner of a home in the Suntop Farms community located at 578 Becky Ave E Enumclaw, WA 98022.

2.12    Upon information and belief, Defendant Storm Wendt is the owner of a home in the Suntop Farms community located at 602 Becky Ave E Enumclaw, WA 98022.

COMPLAINT FOR DECLARATORY RELIEF – 4

1          2.13     Upon information and belief, Defendant David Baldwin is the owner of a home

2    in the Suntop Farms community located at 614 Becky Ave E Enumclaw, WA 98022.

3          2.14     Upon information and belief, Defendant Troy Runner is the owner of a home in

4    the Suntop Farms community located at 621 Becky Ave E Enumclaw, WA 98022.

5          2.15     Upon information and belief, Defendant Travis Reano is the owner of a home in

6    the Suntop Farms community located at 633 Becky Ave E Enumclaw, WA 98022.

7          2.16     Upon information and belief, Defendant Derek Tulluck is the owner of a home in

8    the Suntop Farms community located at 598 Bondgard Ave E Enumclaw, WA 98022.

9          2.17     Upon information and belief, Defendants Rhonda and Jeff Sawyer is the owner of

10   a home in the Suntop Farms community located at 603 Bondgard Ave E Enumclaw, WA 98022.

11         2.18     Upon information and belief, Defendant Jennifer Broadbent is the owner of a

12   home in the Suntop Farms community located at 615 Bondgard Ave E Enumclaw, WA 98022.

13         2.19     Upon information and belief, Defendants Ali Jones & Julio Valdez is the owner

14   of a home in the Suntop Farms community located at 510 Carrie Dr E Enumclaw, WA 98022.

15         2.20     Upon information and belief, Defendant John Kennedy is the owner of a home in

16   the Suntop Farms community located at 526 Carrie Dr E Enumclaw, WA 98022.

17         2.21     Upon information and belief, Defendants Alex Corral and Kelsie Trotignon is the

18   owner of a home in the Suntop Farms community located at 542 Carrie Dr E Enumclaw, WA

19   98022.

20         2.22     Upon information and belief, Defendants Ricky and Madison Hall is the owner of

21   a home in the Suntop Farms community located at 574 Carrie Dr. E Enumclaw, WA 98022.

22         2.23     Upon information and belief, Defendant Larry Pague is the owner of a home in

23

COMPLAINT FOR DECLARATORY RELIEF – 5

the Suntop Farms community located at 577 Carrie Dr. E Enumclaw, WA 98022.

2.24    Upon information and belief, Defendant Julie Acheson is the owner of a home in the Suntop Farms community located at 589 Carrie Dr. E Enumclaw, WA 98022.

2.25    Upon information and belief, Defendant Stephen Hannan is the owner of a home in the Suntop Farms community located at 601 Carrie Dr E Enumclaw, WA 98022.

2.26    Upon information and belief, Defendant Annie Nahon is the owner of a home in the Suntop Farms community located at 646 Carrie Drive E Enumclaw, WA 98022.

2.27    Upon information and belief, Defendant Temaswati Johnston is the owner of a home in the Suntop Farms community located at 555 Cooper Lane North Enumclaw, WA 98022.

2.28    Upon information and belief, Defendant Amir Mousa VI is the owner of a home in the Suntop Farms community located at 625 Deusen Ln N Enumclaw, WA 98022.

2.29    Upon information and belief, Defendant Tyler Gold is the owner of a home in the Suntop Farms community located at 351 Ericksen Lane North Enumclaw, WA 98022.

2.30    Upon information and belief, Defendant Noel Teves is the owner of a home in the Suntop Farms community located at 318 Franks Lane N Enumclaw, WA 98022.

2.31    Upon information and belief, Defendant Teresa Rodman is the owner of a home in the Suntop Farms community located at 296 Franks Ln N Enumclaw, WA 98022.

2.32    Upon information and belief, Defendant Ivan Ngauamo is the owner of a home in the Suntop Farms community located at 152 Grennan Ln N Enumclaw, WA 98022.

2.33    Upon information and belief, Defendants Andrew & Diane Mortagne is the owner of a home in the Suntop Farms community located at 188 Grennan Ln N Enumclaw, WA 98022.

2.34    Upon information and belief, Defendants Brian & Janai Hellesto is the owner of

COMPLAINT FOR DECLARATORY RELIEF – 6

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

a home in the Suntop Farms community located at 201 Grennan Ln N Enumclaw, WA 98022.

2.35     Upon information and belief, Defendant Vernon Branco is the owner of a home in the Suntop Farms community located at 202 Grennan Lane N Enumclaw, WA 98022.

2.36     Upon information and belief, Defendants Joshua and Johanna Summers is the owner of a home in the Suntop Farms community located at 266 Grennan Ln N Enumclaw, WA 98022.

2.37     Upon information and belief, Defendant Ron Bocca is the owner of a home in the Suntop Farms community located at 205 Holdener Ln N Enumclaw, WA 98022.

2.38     Upon information and belief, Defendant Kelly Robinson is the owner of a home in the Suntop Farms community located at 184 Iris Ln N Enumclaw, WA 98022.

2.39     Upon information and belief, Defendant Ken Cunningham is the owner of a home in the Suntop Farms community located at 227 Jasmine Ln N Enumclaw, WA 98022.

2.40     Upon information and belief, Defendant Patrick Brooke is the owner of a home in the Suntop Farms community located at 451 Jasmine Ln N Enumclaw, WA 98022.

2.41     Upon information and belief, Defendant Nate Mowry is the owner of a home in the Suntop Farms community located at 616 Marcie Ln N Enumclaw, WA 98022.

2.42     Upon information and belief, Defendant Trevor Anderson is the owner of a home in the Suntop Farms community located at 630 Marcie Ln N Enumclaw, WA 98022.

2.43     Upon information and belief, Defendant Debra Silver is the owner of a home in the Suntop Farms community located at 637 Marcie Lane N Enumclaw, WA 98022.

2.44     Upon information and belief, Defendant Todd Griffen is the owner of a home in the Suntop Farms community located at 644 Marcie Lane N Enumclaw, WA 98022.

COMPLAINT FOR DECLARATORY RELIEF – 7

2.45    Upon information and belief, Defendant Gary Magreehan is the owner of a home in the Suntop Farms community located at 658 Marcie Ln N Enumclaw, WA 98022.

2.46    Upon information and belief, Defendants Kristen & Alex Hall is the owner of a home in the Suntop Farms community located at 602 Mount Peak St N Enumclaw, WA 98022.

2.47    Upon information and belief, Defendant Caleb Harris is the owner of a home in the Suntop Farms community located at 615 Mount Peak St N Enumclaw, WA 98022.

2.48    Upon information and belief, Defendant Kieran Hunt is the owner of a home in the Suntop Farms community located at 629 Mount Peak St N Enumclaw, WA 98022.

2.49    Upon information and belief, Defendant Lindsey Calderwood is the owner of a home in the Suntop Farms community located at 685 Mount Peak St Enumclaw, WA 98022.

2.50    Upon information and belief, Defendant Cathy Kombol is the owner of a home in the Sun top Farms community located at 530 Peterson Dr. E Enumclaw, WA 98022.

2.51    Upon information and belief, Defendant Rebekah Engebo is the owner of a home in the Suntop Farms community located at 637 Petersen Dr E Enumclaw, WA 98022.

2.52    Upon information and belief, Defendant Gabriella Mancilla is the owner of a home in the Suntop Farms community located at 651 Peterson Dr. E Enumclaw, WA 98022.

2.53    Upon information and belief, Defendants Brian & Anissa Rego is the owner of a home in the Suntop Farms community located at 990 Petersen Dr E Enumclaw, WA 98022.

2.54    Upon information and belief, Defendant Katie Mikesell is the owner of a home in the Suntop Farms community located at 1003 Petersen Dr. E Enumclaw, WA 98022.

2.55    Upon information and belief, Defendants Troy Salisbury & Jessica Matias is the owner of a home in the Suntop Farms community located at 1078 Petersen Dr. E Enumclaw, WA

COMPLAINT FOR DECLARATORY RELIEF – 8

98022.

2.56    Upon information and belief, Defendants Greg & Tiffany Hopkins is the owner of a home in the Suntop Farms community located at 1081 Petersen Dr. E Enumclaw, WA 98022.

2.57    Upon information and belief, Defendant Rene Lopez Rivera is the owner of a home in the Suntop Farms community located at 835 Riley Dr E Enumclaw, WA 98022.

2.58    Upon information and belief, Defendant Ethan Schierenbeck is the owner of a home in the Suntop Farms community located at 842 Riley Dr E Enumclaw, WA 98022.

2.59    Upon information and belief, Defendant Judy Prenovost is the owner of a home in the Suntop Farms community located at 878 Riley Drive E Enumclaw, WA 98022.

2.60    Upon information and belief, Defendant Alyssa Mercer is the owner of a home in the Suntop Farms community located at 885 Riley Dr. E Enumclaw, WA 98022.

2.61    Upon information and belief, Defendants Seth & Cassie Pohlman is the owner of a home in the Suntop Farms community located at 907 Riley Dr E Enumclaw, WA 98022.

2.62    Upon information and belief, Defendant Tanya Evans is the owner of a home in the Suntop Farms community located at 986 Riley Dr E Enumclaw, WA 98022.

2.63    Upon information and belief, Defendant Adam Pohlman is the owner of a home in the Suntop Farms community located at 1012 Riley Dr. E Enumclaw, WA 98022.

2.64    Upon information and belief, Defendant Arden Barden is the owner of a home in the Suntop Farms community located at 1038 Riley Dr East Enumclaw, WA 98022.

2.65    Upon information and belief, Defendant Iris Paller-Milne is the owner of a home in the Suntop Farms community located at 906 Sigrist Dr E Enumclaw, WA 98022.

2.66    Upon information and belief, Defendants Jeff & Katherine Potasky is the owner

COMPLAINT FOR DECLARATORY RELIEF – 9

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

1   of a home in the Suntop Farms community located at 607 Vickie Ln N Enumclaw, WA 98022.

2   2.67   Upon information and belief, Defendant Ryan Hildebrand is the owner of a home

3   in the Suntop Farms community located at 643 Vickie Ln N Enumclaw, WA 98022.

4   2.68   Upon information and belief, Defendants Mike & Sandy O'Hara is the owner of a

5   home in the Suntop Farms community located at 661 Vickie Ln N Enumclaw, WA 98022.

6   ### III.   JURISDICTION AND VENUE

7   3.1   This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1332 as the

8   amount in controversy exceeds $75,000.00.

9   3.2   Venue is proper with this Court pursuant to 28 U.S.C. § 1391 as this case involves

10   a claim for insurance coverage stemming from the alleged losses that occurred in Enumclaw,

11   Washington and all individual defendants reside within this judicial district.

12   ### IV.   FACTS

13   **A.   <u>The Subject Loss</u>**

14   4.1   Upon information and belief, Laer entered into a Master Trade Agreement with

15   LGI Homes, LHI Corporate, LLC, and LGI Homes Group, LLC (collectively, "LGI") to install

16   protective siding on the Suntop Farms community homes (hereinafter the "Project").

17   4.2   On or about January 1, 2020, Laer entered into a Master Subcontract Agreement

18   with Evolution Side to subcontract some of its work on the Project. This work included installing

19   protective siding on some of the homes at the Project.

20   4.3   Upon information and belief, in February of 2021, the area surrounding the

21   Project experienced a winter storm with high wind speeds. It is alleged that as a result of this

22   winter storm, multiple homes at the Project sustained damage (hereinafter the "Subject Loss").

23

COMPLAINT FOR DECLARATORY RELIEF – 10

It is further alleged that this damage was caused by defective construction of the exterior protective siding.

4.4     It is alleged that the Project's Homes have been examined by experts who found that the siding is not firmly secured into underlying building studs or components and that repairs will be required.

**B.     The Underlying Lawsuit**

4.5     On October 6, 2021, the owners of the affected homes at the Project (hereinafter the "Underlying Plaintiffs") filed the Underlying Lawsuit against Laer for damages arising as a result of the alleged defective construction.

4.6     On December 6, 2021, Laer filed its Answer to the Underlying Plaintiffs' Complaint and a Third-Party Complaint against Evolution Side, alleging claims for contribution, contractual indemnity and defense, breach of contract/additional insured obligation, and breach of contract.

4.7     On December 8, 2021, Evolution Side notified Kinsale of the loss via email. This email included a copy of the Third-Party Complaint filed by Laer against Evolution Side (the "Underlying Lawsuit").

4.8     On February 2, 2022, Kinsale agreed to defend Evolution Side pursuant to an express Reservation of Rights. Kinsale also assigned defense counsel to defend Evolution Side.

## V.      THE KINSALE POLICY

5.1     Kinsale issued a policy of insurance to Evolution Side, policy number 0100093333-0, providing coverage from August 7, 2019 to  August 7, 2020 (hereinafter the "Policy").

COMPLAINT FOR DECLARATORY RELIEF – 11

5.2     The Policy contains limits of insurance of $1 million each occurrence and $2 million in the aggregate with a per occurrence deductible of $5,000 which applies to loss and expense payments.

5.3     The Policy's Insuring Agreement states as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

**a**. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)**     The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)**     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

**b**. This insurance applies to "bodily injury" and "prop-

COMPLAINT FOR DECLARATORY RELIEF – 12

erty damage: only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or presumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

CG 00 01 10 01

5.4     The Policy also provides the following provisions regarding exclusions:

**2. Exclusions**

This insurance does not apply to:

……

**l.      Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.     Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property"

COMPLAINT FOR DECLARATORY RELIEF – 13

or property that has not been physically injured, arising out of:

**(1)**     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

CG 00 01 10 01

5.5     The Policy provides the following Fungi and Bacteria exclusion:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

## FUNGI OR BACTERIA EXCLUSION

| Attached To and Forming Part of Policy 0100093333-0 | Effective Date of Endorsement 08/07/2019 12:01AM at the Named Insured address shown on the Declarations | Named Insured Evolution Side LLC |
|---|---|---|
| Additional Premium: $0 | Return Premium: $0 | |

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**A.** The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability:**

**2. Exclusions**

This insurance does not apply to:

**Fungi Or Bacteria**

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

**a.** "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

**b.** Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

**B.** The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

**2. Exclusions**

This insurance does not apply to:

**Fungi Or Bacteria**

**a.** "Personal and advertising injury" which would not have taken place, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure

COMPLAINT FOR DECLARATORY RELIEF – 15

to, existence of, or presence of any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury.

**b.**    Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

**C.** The following definition is added to the **Definitions** Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED

CG2167-1204

5.6     The Policy provides the following Tract Housing Project of More than Scheduled Number of Units exclusion:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION - RESIDENTIAL CONDOMINIUMS, TOWNHOMES, OR TRACT HOUSING**
**PROJECT OF MORE THAN SCHEDULED NUMBER OF UNITS; ALL TIMESHARES**

| *Attached To and Forming Part of Policy* 0100093333-0 | *Effective Date of Endorsement* 08/07/2019 12:01AM at the Named Insured address shown on the Declarations | *Named Insured* Evolution Side LLC |
| --- | --- | --- |

COMPLAINT FOR DECLARATORY RELIEF – 16

| *Additional Premium:* | *Return Premium:* |
|---|---|
| $0 | $0 |

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

**SCHEDULE**

| 1. | Number of residential single family houses in a project or development: | 20 |
|---|---|---|
| 2. | Number of residential condominium or town homes in a project or development: | 50 |
| 3. | Number of residential condominiums or town homes in a conversion location: | 20 |

The following exclusions are added to this policy:

1. This insurance does not apply to "bodily injury" or "property damage" included within the "products completed operations hazard" arising out of, resulting from, caused by, contributed to, or in any way related to work on any residential single family house in a project or development in which more than the number of residential single family houses shown in item 1. of the above Schedule, have been built by you or on your behalf, or, are in any stage of development, planning or construction by you or on your behalf.

   This exclusion shall not apply to maintenance, service, repairs, additions or remodeling:
   a. for an owner of an individual single family house; or
   b. to those areas of a completed and occupied development or project that are under the control of a residential owner's association.

2. This insurance does not apply to "bodily injury" or "property damage" included within the "products completed operations hazard" arising out of, resulting from, caused by, contributed to, or in any way related to work on any residential condominium or town home in a project or development in which more than the number of individual residential condominium units or town homes shown in item 2. of the above Schedule, have been built by you or on your behalf, or, are in any stage of development, planning or construction by you or on your behalf.

   This exclusion shall not apply to maintenance, service, repairs, additions or remodeling:
   a. for an owner of an individual condominium unit or town home; or
   b. to those areas of a completed and occupied development or project that are under the control of a residential owner's association.

3. This insurance does not apply to "bodily injury" or "property damage" included within the "products completed operations hazard" arising out of, resulting from, caused by, contributed to, or in any way related to work on any location which has been or becomes converted by you or on your behalf into residential condominiums or town homes of

COMPLAINT FOR DECLARATORY RELIEF – 17

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

more than the number of individual residential condominium units or town homes shown in item 3. of the above Schedule, regardless of whether or not any insured knew or had involvement in the conversion or the conversion is prior to, during or subsequent to any insured's work at the location.

This exclusion shall not apply to maintenance, service, repairs, additions or remodeling:

    a.    for an owner of an individual condominium unit or town home; or
    b.    to those areas of a completed and occupied development or project that are under the control of a residential owner's association.

4.    This insurance does not apply to "bodily injury" or "property damage" included within the "products   completed operations hazard" arising out of, resulting from, caused by, contributed to, or in any way related to work on any timeshare development.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED

CAS3131-0917

5.7    Kinsale reserves the right to assert any other language from the Policy that may be potentially applicable to this matter.

5.8    In accordance with applicable Washington law, Kinsale now brings this claim for Declaratory Judgment seeking a judicial determination that it does not owe any defense or indemnity obligations to the Underlying Defendants for some of all of the claims asserted against them in the Underlying Lawsuit.

## VI.    THERE ARE ACTUAL JUSTICIABLE CONTROVERSIES AS TO THE RIGHTS AND OBLIGATIONS UNDER THE POLICY

6.1    Kinsale reasserts paragraphs 1.1 through 5.8 and incorporate the same as though fully stated herein.

6.2    The Policy provides coverage for sums that the insured becomes legally obligated to pay as damages because of "property damage" to which this insurance applies.

6.3    The Policy further provides that the insurance applies to "property damage" only

COMPLAINT FOR DECLARATORY RELIEF – 18

1   if the "property damage" is caused by an "occurrence."

2   6.4    There is an actual justiciable controversy as to whether the claims against the

3   Evolution Side involves claims for "property damage" as that term is defined.

4   6.5    There is an actual justiciable controversy as to whether the claims against the

5   Evolution Side involves an "occurrence" as that term is defined.

6   6.6    The Policy explicitly excludes coverage for "property damage" to "your work"

7   arising out of it or any part of it and included in the "products-completed operations hazard."

8   6.7    There is an actual justiciable controversy as to whether the claims against the

9   Evolution Side involves clams for "property damage" to "your work" arising out of it or any part

10  of it and included in the "products-completed operations hazard" as those terms are defined.

11  6.8    The Policy explicitly precludes coverage for "property damage" included within

12  the "products completed operations hazard" arising out of, resulting from, caused by, contributed

13  to, or in any way related to work on any residential single-family house in a project or

14  development in which more than the number of residential single-family house shown in item 1.

15  of the Schedule of Form CA S3131-0917 have been built by you or on your behalf, or, are in any

16  stage of development, planning or construction by you or on your behalf.

17  6.9    There is an actual justiciable controversy as to whether the subject loss involves

18  the construction of a Tract Housing Project of more than the scheduled number of units.

19  6.10   The Policy expressly precludes coverage for "property damage" to "impaired

20  property" or property that has not been physically injured, arising out of a defect, deficiency,

21  inadequacy, or dangerous condition in "your product" or "your work."

22  6.11   There is an actual justiciable controversy as to whether the claims against the

23

COMPLAINT FOR DECLARATORY RELIEF – 19

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

Evolution Side involves claims for "property damage" to "impaired property" or property that has not been physically injured, arising out of a defect, deficiency, inadequacy, or dangerous condition in "your product" or "your work."

6.12    The Policy explicitly precludes coverage for "property damage" to "impaired property" that has not been physically injured, arising out of a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

6.13    There is an actual justiciable controversy as to whether the claims against the Evolution Side involves claims for "property damage" to "impaired property" that has not been physically injured, arising out of a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

6.14    Kinsale reserves the right to assert any other policy language or policy coverage forms that may be potentially applicable to the Underlying Lawsuit.

## VII.    CLAIM FOR DECLARATORY JUDGMENT

7.1    Kinsale reasserts paragraphs 1.1 through 6.14 and incorporate the same as though fully set forth herein.

7.2    Actual and justiciable controversies exist as to whether Kinsale has an obligation to defend Evolution Side under the Policy with regard to the claims asserted against the Evolution Side in the Underlying Lawsuit.

7.3    Pursuant to and in accordance with 28 U.S.C. § 2201, Kinsale requests this Court grant declaratory relief in its favor and enter a judicial determination that Kinsale does not have an obligation to provide any defense coverage to Evolution Side under the Policy with regard to the claims asserted against it in the Underlying Lawsuit.

COMPLAINT FOR DECLARATORY RELIEF – 20

7.4     Actual and justiciable controversies exist as to whether Kinsale has an obligation to indemnify Evolution Side under the Policy with regard to the claims asserted against the Underlying Defendants in the Underlying Lawsuit.

7.5     Pursuant to and in accordance with 28 U.S.C. § 2201, Kinsale requests this Court grant declaratory relief in its favor and enter a judicial determination that Kinsale does not have an obligation to provide any indemnity coverage to Evolution Side under the Policy with regard to the claims asserted against the Underlying Defendants in the Underlying Lawsuit.

## VIII.   PRAYER FOR RELIEF

Kinsale, having alleged the foregoing, does now hereby pray for relief as follows:

1.     For a determination of the rights and obligations of the parties hereto under the Kinsale Policy.

2.     For a judicial declaration that Kinsale owes no defense obligation to Evolution Side for any claims asserted against it in the Underlying Lawsuit.

3.     For a judicial declaration that Kinsale owes no indemnity obligation to Evolution Side under the Kinsale Policy for any claims asserted against it in the Underlying Lawsuit.

4.     For a judicial declaration that Lear and the Underlying Plaintiffs are bound by any judicial declarations in this matter involving the Kinsale Policy.

5.     For all interest allowed by law.

6.     For attorney's fees and costs allowed by statute and law.

7.     For other and further relief as the Court deems just and equitable.

COMPLAINT FOR DECLARATORY RELIEF – 21

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

Dated this 11th day of January, 2023.

LETHER LAW GROUP

/s/ Thomas Lether
Thomas Lether, WSBA #18089
/s/ Ellen McGraw
Ellen McGraw, WSBA #60240
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
P: (206) 467-5444/F: (206) 467-5544
tlether@letherlaw.com
emcgraw@letherlaw.com
Attorneys for Evolution Side, LLC

COMPLAINT FOR DECLARATORY RELIEF – 22